■ In the Matter of PROPERTY MANAGEMENT ASSOCIATES, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [629 NYS2d 472] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal dated March 26, 1993, finding, *inter alia,* that the petitioner failed to properly register the apartment in question for the years 1984 through 1990, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered February 8, 1994, which dismissed the proceeding. The appeal brings up for review so much of an order of the same court entered May 25, 1994, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the judgment is dismissed since the judgment was superseded by the order made upon reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) requires the owner of an apartment building, such as the petitioner, to file with the New York State Division of Housing and Community Renewal (hereinafter the DHCR) an annual rent registration statement for each apartment in the building and to serve a copy of the rent registration statement on the tenant (see, McKinney's Uncons Laws of NY § 8632-a [f] [Emergency Tenant Protection Act of 1974, § 12-a; L 1974, ch 576, § 4, as amended]). The record reveals that the petitioner failed to serve the rent registration statement on the complaining tenant for the years 1984 through 1990. Therefore, the DHCR's determination that the petitioner failed to properly register the apartment in question for those years is neither arbitrary nor capricious (see, Matter of Clinton Ct. Investors, NYLJ, Aug. 8, 1994, at 30, col 3).

The petitioner's remaining contention it without merit. Rosenblatt, J. P., Ritter, Copertino and Hart, JJ., concur.